**In re Carl and Jane MARRIOTT, Debtors.**

**Bankruptcy No. BK 92–41539.**

United States Bankruptcy Court, S.D. Illinois.

July 29, 1993.

Phillip D. Anderson, Asst. U.S. Trustee, Peoria, IL, Bob Kearney, Chapter Trustee, Benton, IL.

Douglas Antonik and David Raymond, Mt. Vernon, IL, for debtors.

### *OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

The Chapter 12 standing trustee and the United States Trustee have filed objections to confirmation of the debtors' Chapter 12 plan because it fails to provide for payment of the standing trustee's fee set pursuant to 28 U.S.C. § 586(e)(1)(B). The plan of debtors, Carl and Jane Marriott, provides for all plan payments to be made through the Chapter 12 trustee and further provides for payment of trustee fees in the amount of $1,500 per year. The standing trustee, Bob Kearney, and the United States Trustee assert that the debtors' plan must provide for payment of the statutory fee of ten percent of plan payments and contend that the Court has no authority to reduce or adjust this amount in ordering confirmation of a Chapter 12 plan.

The debtors contend that the Court retains the authority to review the reasonableness of the trustee's fee in an individual case despite the language of § 586(e) mandating the Attorney General to set the appropriate compensation for a standing trustee. They assert that the ten percent fee set by the Attorney General is disproportionate to the time and effort to be expended by the trustee in this case and contend that this fee penalizes Chapter 12 debtors such as themselves whose plans call for large annual payments.

Section 586(b) of Title 28 allows the United States Trustee to appoint a standing trustee if the number of Chapter 12 cases in a particular region warrants a permanent trusteeship.[1] If a standing trustee is

---

1. Section 586(b) provides:

   (b) If the number of cases under chapter 12

   ... commenced in a particular region so war-

appointed, section 586(e) sets forth a detailed procedure by which the trustee's compensation and fees are established by the Attorney General in consultation with the United States Trustee.

Section 586(e) provides in pertinent part:

(e)(1) The Attorney General, after consultation with a United States Trustee that has appointed [a standing trustee to serve in a Chapter 12 case], *shall fix*

(A) a maximum annual compensation for such individual consisting of [an amount not to exceed the basic pay and cash value of benefits for level V employees on the Executive Schedule] and

(B) *a percentage fee not to exceed—*

. . . . .

(ii) in the case of a debtor who is a family farmer, the sum of—

(I) not to exceed ten percent of [aggregate plan payments under $450,-000]; and

(II) three percent of [plan payments over $450,000].

based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee.

28 U.S.C. § 586(e)(1) (emphasis added). The bankruptcy court is specifically excluded from the process of determining compensation of a Chapter 12 standing trustee by 11 U.S.C. § 326(b), which provides:

(b) In a case under chapter 12 . . . of this title, the court may not allow compensation for services or reimbursement of expenses of . . . a standing trustee appointed under section 586(b) of title 28. . . .

The debtors, while conceding that enactment of § 586 removed the Court's authority to *set* compensation for a standing Chapter 12 trustee, assert that the Court may nevertheless *review* the percentage fee established by the Attorney General because of the longstanding policy of judicial in-

rants, the United States trustee for such region may, subject to the approval of the Attorney General, appoint one or more individuals to serve as standing trustee. . . .

volvement in compensation paid out of a bankruptcy estate. The Attorney General, exercising the discretion afforded by § 586(e)(1)(B), has set the percentage fee for standing trustee Kearney at the statutory maximum of ten percent. The debtors contend that this amount will affect their ability to make payments under the plan and is inconsistent with the legislative intent of Chapter 12 to allow family farmers to reorganize while still affording reasonable compensation to the Chapter 12 trustee.

The issue of whether the statutory scheme for appointment and compensation of standing trustees allows for judicial review of trustee fees set pursuant to § 586(e) has been the subject of much debate in recent cases. A majority of courts have found that the bankruptcy court is without authority to adjust the percentage fee assessed by the Attorney General because the statute implementing the standing trustee system transferred such administrative functions to the executive branch and eliminated the court's previous role in overseeing the compensation of trustees. These courts hold that in judicial districts where the United States Trustee has appointed a standing trustee, the court is without authority to determine or in any way adjust the compensation or reimbursement of expenses of that trustee. *See In re Schollett*, 980 F.2d 639, 645 (10th Cir. 1992); *In re Savage*, 67 B.R. 700, 705–06 (D.R.I.1986); *In re Citrowske*, 72 B.R. 613, 615 (Bankr.D.Minn.1987).

A minority of courts have concluded that absent express language prohibiting review of the fees set for standing trustees, the court retains its inherent authority to hear and resolve disputes directly bearing on cases before it, including a dispute over the reasonableness of the fee as applied to the facts of a particular case. *In re Sousa*, 46 B.R. 343, 346–47 (Bankr.D.R.I.1985) (effectively overruled by *In re Savage*); *In re Melita*, 91 B.R. 358, 363 (Bankr.E.D.Pa. 1988). These courts, troubled by the lack

28 U.S.C. § 586(b).

of an appropriate dispute resolution mechanism within the framework of § 586, decline to hold that the court is precluded from review of a standing trustee's fee in all circumstances. *Melita,* at 363.

■ This Court, too, is troubled by the prospect that the standing trustee fee established in this district will adversely affect the ability of some Chapter 12 debtors to reorganize without any means for review of the reasonableness of the fee in a particular case. However, having considered the relevant statutory provisions and the decisions analyzing such provisions, the Court concludes that there is no basis for judicial adjustment of the trustee's fee fixed pursuant to § 586(e)(1)(B). Congress has seen fit to vest the executive branch with the authority to set fees for trustees appointed pursuant to § 586(b) and has thereby eliminated the judiciary's role in overseeing compensation for such trustees. The Court, accordingly, adopts the reasoning of the majority view set forth in the Tenth Circuit's opinion of *In re Schollett* and holds that it has no authority to review the reasonableness of the standing trustee's fee in this case.

■ The debtors assert that even if the Court lacks authority to review the reasonableness of the fee in a particular case, it should examine whether the ten percent fee imposed in this district was, in fact, based on trustee Kearney's annual compensation and "actual, necessary expenses" as specified in the last clause of § 586(e). The debtors, citing the decision of *In re Myers,* 147 B.R. 221 (Bankr.D.Or.1992), maintain that the Court may properly assess whether the entities responsible for setting the

percentage fee acted according to their statutory authority.

Section 586(e) contemplates that the Attorney General and United States Trustee will exercise discretion in setting the trustee's fee and will adjust the percentage amount based on the actual needs of the trustee in a particular district. The debtors contend that the fee here was arbitrarily set at the statutory maximum and is not consonant with past experience in this district. Whatever the merits of the debtors' argument, the fee set by the Attorney General is within the range of permissible amounts under the statute, and the Court finds that it would be inappropriate, in the context of determining objections to confirmation of the debtors' plan, to examine the means by which this administrative decision was made.[2] The Court is not persuaded otherwise by the reasoning of *Myers,* as that case arose in a different procedural context and did not involve judicial review of the percentage fee imposed pursuant to § 586(e)(1)(B).[3]

In reaching its decision in this case, the Court is mindful that further problems loom on the horizon as a result of the United States Trustee's election to appoint a standing trustee in this district. The debtors have already indicated they will seek to amend their plan to provide for direct payment to creditors in order to avoid payment of trustee's fees that they perceive to be inequitable and unwarranted under the facts of their case.[4] Such direct payment, if allowed, will inevitably create a host of administrative problems for the Court, contrary to Congress' intention—in authorizing the standing trustee system— to separate judicial and administrative

---

**2.** The United States Trustee asserts that this administrative decision is reviewable, if at all, under the Administrative Procedure Act. *See* 5 U.S.C. § 701 *et seq.* The Court makes no determination on this issue.

**3.** The *Myers* decision dealt with the court's authority to review an administrative determination that legal expenses incurred by the trustee in an employee discrimination action did not constitute "actual, necessary expenses" under § 586(e)(2)(B)(ii) for purposes of determining if there was a surplus of trustee funds to be returned to the Treasury. In finding that review

was appropriate, the *Myers* court specifically distinguished between administrative decisions made under that section and those under § 586(e)(1), which Congress has accorded to the discretion of the Attorney General. *See Myers,* 147 B.R. at 228.

**4.** Because the issue is not before the Court at this time, the Court makes no determination as to whether direct payment to creditors is allowable and whether this will accomplish the debtors' intended result.

functions. The alternative, in many Chapter 12 cases, is that payment of the trustee's ten percent fee will cause otherwise workable plans to fail.

 The decision to appoint a standing trustee in a particular district is left to the discretion of the United States Trustee. *See* 28 U.S.C. § 586(b) (United States Trustee "may" appoint a standing trustee). This Court, having presided over numerous successful Chapter 12 cases since the statute was enacted, questions the wisdom and necessity of imposing such a system in this district when past experience has shown that the former case trustee system worked exceptionally well. Trustee Kearney performed admirably under the previous system and indicates that he was adequately compensated with the $1,500 per case per year that he received as case trustee prior to institution of the standing trustee system.[5] While the United States Trustee indicates that "consistency" was the motivating factor in discarding the case trustee system in favor of the present system, the Court can only hope that this consistency will not be realized at the expense of prospective Chapter 12 debtors whose ability to reorganize is thereby jeopardized.

For the reasons stated, the Court sustains the objections of the United States Trustee and standing trustee Kearney to confirmation of the debtors' Chapter 12 plan.

---

**5.** Mr. Kearney estimates that this amount averaged six to seven percent of plan payments in Chapter 12 cases.